# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| GENEVA CULBERTSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06CV00071 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| WELLMONT HEALTH SYSTEM ) | By: James P. Jones |
| d/b/a HOLSTON VALLEY ) | Chief United States District Judge |
| MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

*Carl E. McAfee, McAfee Law Firm, P.C., Norton, Virginia, for Plaintiff; Christopher D. Owens and Stephan M. Darden, Hunter, Smith & Davis, LLC, Johnson City, Tennessee, for Defendant.*

Because the plaintiff fails to make a sufficient showing to support an essential element of her Family and Medical Leave Act claim, I grant the defendant's Motion for Summary Judgment.

I

In her Complaint, the plaintiff contends that she was improperly terminated by the defendant from her employment at the Holston Valley Medical Center after taking medical leave. She asserts a violation of the Family and Medical Leave Act of 1993

("FMLA"), 29 U.S.C.A. §§ 2601-2654 (West 1999 & Supp. 2007). The defendant, Wellmont Health System d/b/a Holston Valley Medical Center, has filed a Motion for Summary Judgment arguing that the plaintiff's period of absence was not covered by the protections of the FMLA and, thus, she has failed to support an essential element of any FMLA claim. The plaintiff chose not to respond to the defendant's Motion for Summary Judgment. This motion is now ripe for decision.

II

The plaintiff began employment at the Holston Valley Medical Center in 1996. At the time of her medical leave in 2005, she held the position of Activities Coordinator. Due to shoulder surgery, the plaintiff was absent from work from May 17 to August 9, 2005. On June 27, 2005, the plaintiff received paperwork explaining that this thirteen-week leave of absence would fully exhaust her twelve-week supply of guaranteed FMLA leave.

From October 24 to November 11, 2005, the plaintiff missed an additional three weeks of work due to illness. She did not apply for FMLA leave to cover this period of absence, but she was granted personal leave at the discretion of her supervisor, Rhonda McGee. On November 7, 2005, she informed McGee that she would be having surgery on November 11, 2005, and that she did not know when she

would be able to return to work. McGee responded that she would be hiring someone more dependable for the position of Activities Coordinator.

III

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Id.* at 327. It is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

Under the FMLA, eligible employees are entitled to take up to twelve weeks of unpaid leave in a twelve-month period for specified family or health-related reasons. 29 U.S.C. § 2612(a)(1); *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 546 (4th Cir. 2006). Employees who timely return after approved FMLA leave have the right to be restored to their pre-leave position of employment or to an equivalent position with equivalent pay and benefits. § 2614(a)(1)(A)-(B); *Yashenko*,

- 3 -

446 F.3d at 546.  The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny" employees' exercise of these rights, § 2615(a)(1), or to "discharge or in any other manner discriminate against" employees who exercise these rights, § 2615(a)(2).

However, to bring a successful claim either for interference (§ 2615(a)(1)) or for retaliation (§ 2615(a)(2)), the plaintiff must show that the leave of absence in question was covered by the protections of the FMLA.  *Yashenko*, 446 F.3d at 549, 551.  While employers may grant additional leave to employees for family or health-related reasons, leave granted in excess of the twelve-week statutory entitlement is not protected by the FMLA.  *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 93-94, 96 (2002).

Here, it is undisputed that the plaintiff exhausted her supply of FMLA leave during her thirteen-week absence from May 17 to August 9, 2005.  The additional leave she was granted during the months of October and November 2005 was outside of the protections of the FMLA.  Because the plaintiff cannot show that the FMLA entitled her to this period of leave, she fails to support what is an essential element of either an interference or a retaliation claim.

- 4 -

## IV

For these reasons, I will grant the defendant's Motion for Summary Judgment. A separate Judgment will be entered herewith.

DATED: September 25, 2007

/s/ JAMES P. JONES
Chief United States District Judge